

RECEIVED
FEB 17 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Jeffrey A. Schwartz
Defendant
132 Old Orchard Lane
Ocean, NJ 07712
732-675-0358

| UNITED STATES OF AMERICA, Plaintiff, vs. JEFFREY A. SCHWARTZ (f/k/a Jeff Schwartz), Defendant. | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEW JERSEY<br><br>DOCKET NO. 10-00433<br><br>CIVIL ACTION/ANSWER<br><br>Hon. Anne C. Thompson |
|---|---|

Defendant Jeffrey A. Schwartz ("Schwartz") answers the complaint of Plaintiff United States of America (Plaintiff") by numbered paragraphs corresponding to the complaint, as follows:

### JURISDICTION, STATEMENT OF CLAIM, AND FAILURE TO PAY

1. Schwartz denies the allegation. The Civil Cover sheet filed in this matter lists Schwartz's county of residence as "Trenton", which is neither a county nor a municipality in the county of Schwartz's residence. Schwartz is a resident of Monmouth County.
2. Schwartz admits the promissory notes attached to the complaint as Exhibit A appear valid and accurate.
3. Schwartz has insufficient information to admit or deny the allegation and therefore denies its validity and/or application.
4. Schwartz denies that he has neglected and/or refused to pay any indebtedness on the promissory notes.

### DEFENSES

1. The filing of this matter is barred by the applicable statute of limitations.
2. No amounts are due or owing on the promissory notes attached to the complaint as Exhibit A.
3. Plaintiff is barred from recovery on this action due to the doctrine of laches.

### STATEMENT OF AFFIRMATIVE DEFENSES and/or NON-ACTION

Schwartz states as follows:

1. Schwartz is presently repaying student loans to Great Lakes Higher Education Corporation ("Great Lakes"), as loan servicer for Sallie Mae, in

      the combined amount of $454.12 per month on not less than two separate loan accounts.

2. Sallie Mae is or acts as an instrumentality of the United States of America and, as such, all negligence attributable to Sallie Mae is attributable to Plaintiff.

3. Schwartz explicitly applied on at least two occasions for a loan consolidation package with Sallie Mae and/or Great Lakes, but was explicitly advised that, as all of his non-private, government or government-secured loans were with one lender (i.e., Sallie Mae), no such consolidation would be available.

4. Schwartz reasonably relied on the information provided to him by Sallie Mae and/or Great Lakes in believing that no additional outstanding amounts in connection with his student loans (other than private student loans, which are being repaid separately and are immaterial in the matter at hand) were due and owing, besides the amounts presently in repayment as identified above.

5. On information and belief, the loans for which Plaintiff seeks repayment are presently included in the amounts being paid by Schwartz to Great Lakes each month, and are in good standing.

6. Therefore, no outstanding amounts are due Plaintiff in connection with this action.

WHEREFORE, Defendant Jeffrey A. Schwartz demands this matter be dismissed with prejudice, and for an award of all sums incurred in connection with this matter including filing fees, attorneys' fees allowed by law or contract, and such other relief as is just and proper.

## CERTIFICATION

The undersigned hereby certifies as follows:

On February 13, 2010, the undersigned delivered a copy of the within Answer to Frank J. Martone, Attorney for Plaintiff, at 1455 Broad Street, Bloomfield, NJ 07003, and an original and one copy of same to Clerk, United States District Court, District of New Jersey, at the Clarkson S. Fisher Building, 402 East State Street, Room 2020, Trenton, NJ 08608.

DATED: February 13, 2010

Jeffrey A. Schwartz

OCEAN NJ 07712

CLERK, U.S. DISTRICT CT.
CLARKSON S. FISHER BLDG
402 E. STATE ST.
ROOM 2020
TRENTON NJ 08608